05-20652.rr

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-20652-CR-ALTONAGA-BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MADJIED SAMSOEDIEN et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**This matter** is before this Court on the Government's Motion to Dismiss Defendant's Motion for New Trial For Failure to File Within Three-Year Limitations Period Under Fed.R.Crim.P. 33 [DE 373]. The Court has reviewed the Motion to Dismiss, the "Reply Motion" (Response) and all pertinent portions of the file.

### Procedural History

On August 12, 2005, the grand jury returned an indictment charging Defendant Madjied Samsoedien ("Samsoedien") and Defendant Nancy Karrsenhout ("Karrsenhout"), along with co-defendants Angel Soler ("Soler"), Ralph Van Keeken ("Van Keeken"), Riffino Litterdragdt ("Litterdragdt"), and Glorida Calveiro, n/k/a Gloria Del Rey ("Calveiro"), with conspiring to engage in money laundering with the intent (a) to promote the carrying on of an unlawful activity, (b) to conceal the proceeds of an unlawful activity, and (c) to avoid a transaction reporting requirement, in violation of 18 U.S.C. § 1956(h) (Count 1); and with conspiring to engage in, and attempting to engage in, monetary transactions in criminally derived property of a value greater than $10,000, also

1

in violation of 18 U.S.C. §1956(h) (Count 2).[1]

On June 1, 2006, Samsoedien, Karrsenhout and Soler were found guilty of Counts 1 and 2 of the indictment (D.E. 201, 204).[2] The jury also returned the following special verdicts: Samsoedien and Soler were found to have violated Count 1 by agreeing to promote an unlawful activity, agreeing to conceal the proceeds of an unlawful activity, and agreeing to evade a reporting requirement; Karrsenhout was found to have violated Count 1 by agreeing to promote an unlawful activity. The jury also returned special verdicts of forfeiture as to Samsoedien ($1,333,000), Soler ($800,000), and Karrsenhout ($560,000).

On August 4 and August 10, 2006, respectively, Karrsenhout and Samsoedien filed motions for new trial and for judgment of acquittal, which were denied. Samsoedien also moved to vacate Counts 1 and 2 on the grounds of multiplicity. That motion, which was adopted by the other defendants, was granted and the Court vacated Count 2 and indicated that it would sentence the defendants only as to Count 1.

Karrsenhout was sentenced to 80 months of imprisonment, to be followed by two years of supervised release, and a special assessment of $100. Samsoedien was sentenced to 210 months of imprisonment, to be followed by two years of supervised release, and a special assessment of $100.

On September 21 and September 25, 2006, respectfully, Karrsenhout and Samsoedien filed notices of appeal, and on March 4, 2008, the Court of Appeals for the Eleventh Circuit affirmed in an unpublished order, finding no reversible error as to the convictions and sentences of Karrsenhout

---

[1]The indictment also charged Soler and Calveiro with nine counts of structuring financial transactions to evade reporting requirements, in violation of 31 U.S.C. §§ 5342(a)(3) and (d)(2) and 18 U.S.C. §2 (Counts 3-11).

[2]Litterdragdt was found not guilty of both counts. Calveiro plead guilty prior to trial to Count 11 of the indictment, and the Court dismissed Counts 3-11 as to Soler at the Government's request. Van Keeken was never arrested and was transferred to fugitive status.

and Samsoedien. Neither of the Defendants sought rehearing before the Court of Appeals or certiorari before the Supreme Court.

On July 29, 2009, Defendants each filed a motion to vacate pursuant to 28 U.S.C. §2255, alleging ineffective assistance of trial counsel. On December 18, 2009 and December 21, 2009, respectively, the Honorable Cecilia M. Altonaga adopted a Report and Recommendation from this Court and denied Samsoedien and Karrsenhout's Motions. Both Defendants filed Notices of Appeal on January 27, 2010, which the Eleventh Circuit Court of Appeal construed as applications for a Certificate of Appealability, and denied same by Order entered June 15, 2010.

On March 31, 2010, Defendants filed a joint Motion for New Trial or Evidentiary Hearing Pursuant to Fed.R.Crim.P. Rule 33 Founded on Newly Discovered Evidence (D.E. 370). Defendants' pro se sixty-eight (68) page motion is rambling and repetitive, and is often difficult to understand. However, it appears that Defendants essentially argue that because the Government did not present certain evidence in its case, which Defendants characterize as "exculpatory and "newly discovered evidence," it "suppressed" evidence, thereby committing a fraud on the Court.

On April 15, 2010, the Government filed the instant Motion to Dismiss, arguing that Defendants' motion is time-barred.

### Discussion

Defendants bring their Motion for New Trial pursuant to Rule 33, which provides as follows:

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. ...
>
> **(b) Time to File.**
>
> > **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands

the case.

**(2)  Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed.R.Crim.P. 33. The Supreme Court has clarified that the time limits of Rule 33 are not "jurisdictional" but rather, as claims processing bars, which can be waived if not timely raised by the opposing party. Eberhart v. United States, 546 U.S. 12, 19 (2005).

In this case, the jury returned its verdict on June 1, 2006. Because the Motion for New Trial was filed on March 31, 2010, well over three years after the entry of the verdict, it is untimely under Rule 33(b)(1).[3] See United States v. Anderson, 84 Fed. Appx. 575, No. 03-5125, 2003 WL 23095549 (6th Cir. Dec. 11, 2003). In response to the Government's untimeliness argument, Defendants argue that their non-compliance should be excused under the doctrine of "unique circumstances," referring to the allegations raised in their motion. However, that doctrine is inapplicable, in that it requires that "a judicial assurance or action" have contributed to the failure to comply. See, e.g., Vencor Hospitals, Inc. v. Standard Life and Accident Ins. Co., 279 F.3d 1306, 1312 (11th Cir. 2002). No such circumstances exist in this case.[4]

### Recommendation

Accordingly, this Court respectfully recommends that the Government's Motion to Dismiss

---

[3] To the extent that Defendants, despite the title of their motion, seek to characterize it as one based on any ground other than newly discovered evidence (e.g."fraud") then pursuant to Rule 33(b)(2) the Motion was required to be filed within 14 days after the verdict or finding of guilty.

[4] The Court further notes that the "newly discovered evidence" appears to be either public documents, or documents relating to Defendants' own business operations, and Defendants, who were represented by counsel at trial, would be unable to establish that they acted with due diligence in discovering/presenting the evidence. See United States v. Bornscheuer, 563 F.3d 1228, 1239 (11th Cir. 2009).

Defendant's Motion for New Trial For Failure to File Within Three-Year Limitations Period Under Fed.R.Crim.P. 33 be **GRANTED** and the Motion for New Trial or Evidentiary Hearing Pursuant to Fed.R.Crim.P. Rule 33 Founded on Newly Discovered Evidence be **DISMISSED**.[5]

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of July, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Honorable Cecilia M. Altonaga
     Pro se parties and counsel of record

---

[5]The Court should not construe Defendants' motion as one brought pursuant to 28 U.S.C. §2255, in that (1) Defendants specifically request that the Court not do so (see Response pp. 3-4) and (2) Defendants have already filed a §2255 motion based on ineffective assistance of counsel which has been denied, as has a Certificate of Appealability.